# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5983 | **DATE** | 4/13/2000 |
| **CASE TITLE** | Rosenburg vs. Transworld Systems, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    **Enter MEMORANDUM, OPINION AND ORDER: For the reasons stated above, we deny the cross motions for summary judgment [34-1], [33-1] on the complaint in this case.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 17 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 64 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH ROSENBURG, | ) |
| | ) |
| Plantiff, | ) |
| | ) |
| v. | ) No. 98 C 5983 |
| | ) |
| TRANSWORLD SYSTEMS, INC., and | ) Honorable Wayne R. Andersen |
| APRIA HEALTHCARE, INC., | ) Magistrate Judge Nolan |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case comes before the court on the parties' cross motions for summary judgment. For the reasons stated below, we deny both motions.

## BACKGROUND

Plaintiff, Kenneth Rosenberg, sued defendants Transworld Systems and Apria Healthcare, Inc. in a putative class action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C.. §§1692-1692o. The parties agreed to stay the class certification motion pending resolution of this and other substantive motions. Plaintiff subsequently dismissed Apria Healthcare ("Apria") from the case.

The facts are taken from the parties' 12(m) statements. On or about December 11, 1997, defendant mailed a letter to plaintiff attempting to collect on an alleged debt owed to Apria. The letter states, among other things, that "[i]f there is a legitimate misunderstanding concerning this debt, contact your creditor and discuss it." The letter further states: "Please make further collection procedures unnecessary by sending payment in full or making satisfactory arrangements with–", followed by the name, address and telephone number of Apria. In

substantially smaller type at the bottom of the page, the letter reads as follows: "Transworld Systems is a licensed collection agency and any information obtained from you will be used for the purpose of collecting this debt. All portions of this claim shall be assumed valid unless disputed within thirty days of receiving this notice. If disputed in writing, verification of the debt will be provided to you. If the original creditor is different from the above named creditor, the name and address of the original creditor will also be provided."

Plaintiff contends that this letter does not convey the debtor's right under the FDCPA to verify the debt because it is misleading as a matter of law about which entity that the consumer must notify in writing to dispute the debt. In the alternative, plaintiff argues that the issue of confusion is a fact question. Defendant, on the other hand, argues that the letter referenced above is completely clear and, therefore, the court should enter judgment in favor of it. In the alternative, defendant argues that any error it made in the language of the letter was a bona fide error and it should be excused from liability under the FDCPA. Finally, defendant argues that this plaintiff is barred from bring suit because identical claims concerning identical letters were resolved by settlement in another class action.

## DISCUSSION

We may enter summary judgment in this case if we find that the record before the court shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Celotex v. Cattrett, 477 U.S. 317, 323-24 (1986). Even though both parties have filed cross motions for summary judgment, it does not mean that summary judgment must be entered for one side. Lac

2

Courte Oreilles Band of Lake Superior Chippewa Indians v. Voight, 700 F.2d 341, 349 (7th Cir.), 464 U.S. 805 (1982). The court still must assess whether material facts exist preventing summary judgment.

The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692 (e). To achieve this purpose, the Act prohibits debt collectors from making false, deceptive or misleading statements to consumers in connection with their collection efforts. The Act specifically provides the debtor with the right to verify his debt with the debt collector. Section 1692 (g) states that the debt collectors must send a written notice to the consumer that provides the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer disputes the validity of the debt within thirty days after receipt of the notice, the debt will be assumed to be valid by the debt collector and a statement that if the consumer notifies the debt collector in writing within the thirty day period that he disputes the validity of the debt, the debt collector will obtain verification of the debt and provide in writing to the consumer, as well as the name and address of the original creditor.

Plaintiff complains that the letter described above directs consumers to contact the original creditor about the debt and not the debt collector as provided in the FDCPA. The notice, therefore, is confusing and may cause consumers to forgo rights secured by the Act concerning validation of the debt. Defendant contends that the notice is entirely clear as to who to contact for verification because it is sent by the debt collector in an effort to collect the debt. Defendant also relies on evidence, factually undisputed by plaintiff, that it receives approximately six hundred telephone calls and five thousand letters from consumers to verify the debt to demonstrate that the letter is not confusing as to whom to contact. In the alternative, defendant

3

maintains that any failure to comply with the Act was a "bona fide error" on its part which excuses liability to plaintiff. Finally, defendant claims that plaintiff is barred from recovering anything in this case because he failed to join the classes certified in <u>Jenkins v. Union Corp.</u>, No. 96 C 3440 (N.D. Ill.), a case in which defendant claims other plaintiffs challenged the same letter at issue here.

Much of defendant's argument is premised on authority that the Seventh Circuit has reversed. In <u>Walker v. National Recovery</u>, which defendant cites in support of its argument, the court held that it could decide as a matter of law that a letter to consumers was not confusing without need for further evidence. 42 F.Supp.2d 773, 783 (N.D. Ill. 1999). Defendant urges us to find the letter at issue here similarly unconfusing as a matter of law. However, on appeal, the Seventh Circuit rejected the lower court's reasoning and reversed its judgment. "Whether a given message is confusing is...a question of fact, not law or logic." 200 F.2d 500, 502 (7th Cir. 1999).

Although the court's opinion in <u>Walker</u> unequivocally held that district courts could not dismiss a complaint alleging confusion under the FDCPA for legal insufficiency, the court allowed for the possibility that the evidence concerning the letter's impact on the reader might be so one-sided as to warrant summary judgment. <u>Id.</u> However, neither plaintiff nor defendant has demonstrated this conclusively enough to warrant summary judgment here. We acknowledge that defendant has proffered evidence suggesting that its notice was not confusing or misleading. However, we do not think that evidence alone carries the day. We believe that the letter in question has the potential to confuse consumers and we believe that our comprehension of that letter exceeds that of the "least unsophisticated consumer" for whom these letters must be evaluated. <u>See Bartlett v. Heibl</u>, 128 F.3d 497, 500 (7th Cir. 1997). We easily can understand

4

how a jury might find that the statement within the body of the letter which directs consumers to contact their creditors about their debts (as opposed to their debt collectors) is a misdirection that undermines the consumers' rights under the FDCPA. In fact, at least one district court in another circuit affirmatively has found that the identical letter does violate the FDCPA. Macarz v. Transworld Systems, 26 F.Supp.2d 368 (D. Conn.1998). Although we are not prepared to do this (which precludes judgment for plaintiff), we likewise will not enter summary judgment for defendant because we recognize the potential for confusion that may exist for a consumer reading the letter at issue in this case.

Because we have not found that the letter violates the FDCPA, we do not reach defendant's assertion that the bona fide error defense bars recovery here, although we think it highly unlikely. See Bartlett, 128 F.3d at 502 (noting that defendants who re-write the language of the Section 1692(g) do so at their own risk). Lastly, we reject defendant's argument that the settlement in the Jenkins class action bars plaintiff's suit here. Defendant has offered no proof that the classes certified in that case include plaintiff and those who are similarly situated to plaintiff. In fact, the letters it has submitted in support of this proposition from that case are different from the one at issue here.

## CONCLUSION

For the reasons stated above, we deny the cross motions for summary judgment on the complaint in this case.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 13, 2000

5